# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**WILLIAM C. PITTS**                                                                       **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO. 4:23-CV-5-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**              **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the William Pitts' complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration regarding his application for disability insurance benefits. The parties have consented to entry of a final judgment by the United States Magistrate Judge, under the provisions of 28 U.S.C. § 636(c). Any appeal shall proceed directly to the Fifth Circuit Court of Appeals. The court, having reviewed the administrative record, the briefs of the parties, the applicable law and having heard and considered oral argument, finds the decision of the Commissioner of Social Security must be affirmed.

## FACTS

The plaintiff, William C. Pitts, filed for benefits on October 13, 2021, alleging onset of disability commencing on March 10, 2020. The Social Security Administration denied the claim initially and on reconsideration. His date last insured (DLI) was December 30, 2020. Following the hearing, the ALJ issued an unfavorable decision on September 26, 2022. (Dkt. 9 p. 18-28).[1] The Appeals Council denied the request for review, and this timely appeal followed.

---

[1] All references are to the administrative record using the court's numbering system, rather than the administrative numbering.

The ALJ found Pitts had two severe impairments: depression and post-traumatic stress disorder. The ALJ found he retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels but suffered from nonexertional limits. Pitts was limited to occasionally interacting with the public, supervisors and coworkers. He cannot perform fast-paced production jobs with numeric goals that must be performed within strict guidelines. He is further limited to occasional decision making and changes in the workplace or work processes.

The ALJ found Pitts cannot perform any of his past relevant work as a food service supervisor, merchandise delivery driver or truck driver. Pitts, 56 years old as of his date last insured, is an individual of advanced age and has at least a high school education. Based on the testimony of the vocational expert, the ALJ found Pitts could do other jobs that exist in substantial numbers in the national economy, namely, laundry worker, which is medium, unskilled work (59,000 jobs), night cleaner, medium, unskilled work (116,000 jobs), and hand packager also medium, unskilled work (225,000 jobs).

Because Pitts can perform other jobs, the ALJ determined that Pitts was not disabled.

## **ANALYSIS**

Pitts is a veteran of the United States Army, with a military career that spanned twenty years and included multiple combat tours in the Gulf War and Iraq. Pitts alleged his onset of disability was March 10, 2020 and his insured status expired about nine and one-half months later. The ALJ considered and weighed only the evidence of his five VA visits during that limited time frame. The plaintiff argues in this appeal the decision denying him disability benefits is not supported by substantial evidence in the record.

On March 29, 2022, the Veterans Administration changed Pitts disability ratings, effective October 21, 2020, increasing his 70% disability rating for his post-traumatic stress

disorder, to 100% disabled and found Pitts was unemployable. The ALJ acknowledged the existence of this decision but citing to Social Security regulations, did not otherwise address it.

## ISSUES RAISED

Despite headings listing two arguments, the plaintiff has raised three arguments. First, he argues the ALJ was obliged to consider all the records underpinning the Veterans Administration decision finding Pitts disabled and unemployable. Therefore, according to the plaintiff, the ALJ failed to develop the record. In a related argument Pitts faults the ALJ for terminating his review of the VA records as of the date last insured. There is no indication in the decision that he reviewed or considered the VA records from 2021 and 2022. Lastly, Pitts argues that even if the ALJ could properly limit his consideration to just the nine months of VA records, he still erred in concluding Pitts suffered no more than moderate limitations because of his depression and post-traumatic stress disorder. Pitts argues this facet of the decision is not supported by substantial evidence.

### 1. Failure to Develop the Record

In 2017 the Social Security Administration amended the regulation governing the way it addresses disability decisions by other governmental and private entities. The plaintiff argues that the amended regulation required Social Security to obtain and review all documents underlying a third-party determination. The defendant did not obtain these records. Howevcer, most of these missing VA records predate Pitts' current alleged onset date, the oldest of them by more than a decade.

The plaintiff admits the VA decision finding Pitts disabled and unemployable is not binding on the Social Security Administration under either the earlier or current regulations. Under the pre-2017 regulations, Social Security Rulings, and case law, ALJs were required to

consider these decisions and to explain what weight they gave the disability determinations of other government agencies. *Rodriguez v. Schweiker*, 640 F.2d 682, 685 (5th Cir. 1981)("[I]t is evidence that should be considered and is entitled to great weight."). However, the amended regulation not only dictates that the VA determination is not binding, but that ALJ's will no longer provide "any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, unemployable, or entitled to any benefits." 20 C.F.R. § 404.1504.

Nevertheless, the plaintiff argues under its new regulation the defendant was required to obtain all the records reviewed by the VA based of the final sentence which provides: "However, we will consider all the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a) (1) through (4). 20 C.F.R. § 404.1504.

The VA's decision -- which is included in the record -- found Pitts suffered from a panoply of problems which required it to increase his disability ratings and led the VA to conclude he could no longer work. Those problems included near continuous anxiety affecting his ability to function appropriately, effectively and independently, with panic attacks more than once a week. The VA found Pitts suffers from nearly continuous depression, severe enough to affect his ability to function independently, appropriately and effectively. He has a chronic sleep impairment. The VA found occupational and social impairment with deficiencies in most areas such as work, school, family relations, judgment, thinking, or mood, including difficulties in adapting to work, to work settings and working effectively, and understanding complex commands. He would also have difficulty adapting to stressful circumstances and difficulty in establishing and maintaining effective work and social relationships. He has mild memory loss

4

resulting in forgetting directions, names and recent events. He has an intermittent inability to perform activities of daily living and maintain minimal levels of personal hygiene. The decision also noted flattened affect, disturbance of motivation and mood and persistent danger of hurting himself or others. R. 9, p. 167-68.

The VA decision lists the records it reviewed. These records are Atlanta VA records from June 13, 2020; Dublin VA Medical Center from April 9, 2013 to June 12, 2014; SSA records received November 6, 2020; Memphis VA Medical Center October 10, 2009 to November 18, 2020; and a DBQ Psych PTSD review, QTC, conducted March 26, 2021.

By comparison, the ALJ after reviewing nine months of the claimant's VA treatment records found Pitts' impairments caused only a mild limitation in understanding, remembering or applying information and moderate limitations in interacting with others, in concentrating, persisting and maintaining pace and in adapting and managing himself.

With the VA's listing of more than a decade of records, this case illustrates the administrative burden the plaintiff's interpretation of 20 C.F.R. § 404.1504 would impose on the government. Though the plaintiff was working shortly before his March 2020 onset date, the plaintiff's interpretation would impose a duty on the Commissioner to obtain and review thirteen years of records. By eliminating any need to explain its analysis of any other entity's disability decision, the change brought by the 2017 amendment of this regulation clearly reduced the administrative burden on its ALJs. Reading the regulation as imposing a duty to conduct such a broad document search is inconsistent with the clear intent of the amendment. The plaintiff's interpretation of this regulation would create an administrative burden, delays, and expense to obtain records based on other entities' practices in derogation of the Social Security Administrations regulations which tailor its claims investigation functions to its own practices

5

and standards. As pointed out by defense counsel at oral argument, the agency's regulations regarding the collection of medical history sets a presumed default for collection of medical records at a period of one-year preceding the application — a requirement met in this case. 20 CFR § 404.1512(b).

The court finds that a more logical reading of this part of the amended regulation would be to read the clause "that we receive as evidence in your claim" as limiting the duty to review "all the evidence." The agency would only be required to review underlying "evidence" it receives or otherwise obtains in its normal claims record gathering, guided by its own regulations. The court does not accept the plaintiff's interpretation of the amendment and finds on the facts of this case, no error in not obtaining additional records from the VA.

Moreover, any potential relevance of these long-ago records is undermined by information in the file. First, though not addressed in the ALJ's decision, the VA treatment records include a treatment record from May of 2019 for unrelated issues, indicating the absence of treatment for his PTSD between at least May 2019 and his March 2020 visit, a significant gap. Additionally the plaintiff did not request that the records be obtained. He would know what conditions required treatment during the earlier years but does not offer any concrete suggestions as to how these records would be germane.

### 2. Failure to Consider Post-DLI Records

The plaintiff's second argument correctly points out the ALJ erred when he failed to consider any of the claimant's VA records following the expiration of his insured status. This plaintiff must prove he was disabled between the date of onset and before the date last insured to gain disability benefits. However, it does not follow that records either before onset or after the expiration of insured status can or should be excluded based solely on the date of creation. The

law clearly provides evidence predating the alleged date of onset and after the date last insured may well be relevant, important and even decisive in assessing the individual's claim. Any number of cases point out the necessity of considering medical records predating onset or after the DLI. Fifth Circuit precedent clearly establishes "non contemporaneous medical records are relevant to the determination of whether onset occurred on the day alleged by the claimant." *Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990). "[S]ubsequent medical evidence is relevant... because it may bear on the severity of the claimant's condition before the expiration of his or her insured status." *Id.* (quoting *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984)).

In a case reversing a decision because of the ALJ's failure to consider post-DLI evidence, the Seventh Circuit explained: "There can be no doubt that medical evidence from a time subsequent to a certain period is relevant to a determination of a claimant's condition during that period. *Any other rule would restrict unduly the availability of benefits under the Act.*" *Halvorsen v. Heckler*, 743 F.2d 1221, 1225 (7th Cir. 1984) (emphasis added and internal citation omitted); *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (finding ALJ erred when he ignored medical evidence before onset which included evidence of painful neck and back problems beginning in childhood and continuing into adulthood.).

Nevertheless, not every failure to include evidence outside of the decisional time is error. In *Johnson v. Bowen,* the Fifth Circuit found no error in failing to consider treatment records from 1982 and 1983 where the plaintiff returned to work after the treatment and the alleged onset was not until August 1985. *Johnson v. Bowen,* 864 F.2d 340 (5th Cir. 1988). Ultimately the question is whether evidence outside of the decisional time-period sheds light on the claimant's condition during that time, a factual determination that can only be made by a review and consideration.

After reviewing the VA records, the court finds the ALJ's failure to consider these records, though error, is harmless. These records clearly reflect a continuation of Pitts complaints and symptoms, but do not seem to reflect a worsening or deterioration in his condition. The court finds the records are cumulative to those already analyzed by the ALJ. Pitts continues to have fluctuations in his symptoms with continuing sleep, nightmares, depression and other symptoms. He continues to deny suicidal or homicidal intent. Pitts is noted to grieve over the loss of his brother and mentions in February, 2021 that he has lost five people close to him to the Covid pandemic. While the ALJ erred in not addressing these records, they are consistent with the earlier records. Because the court does not find evidence likely to lead to a different result, it finds no prejudicial error occurred.

### 3. Substantial Evidence and the B criteria

Finally, the plaintiff argues that the records reviewed do not support the ALJ's determination that Pitts only suffered moderate limitations based on his depression and PTSD. The ALJ discussed the medical evidence in his decision in some detail, and the plaintiff points to no substantial factual error in the discussion. The ALJ discussed the plaintiff's testimony where Pitts addressed the lasting effect of his military service which included the trauma of witnessing two fellow soldiers mortally wounded in an attack. The ALJ also acknowledged that Pitts testified to the impact of his PTSD on his life, his self-isolation, his sleeping problems, nightmares and other problems. But the ALJ decided his testimony did not support the claimed degree of loss of function because they were not consistent with the treatment records. The ALJ decided his reported nightmare problems were not as severe as he alleged because he stopped some of his prescribed medications. In fact there are several episodes of non-compliance recorded, with various reasons given by Pitts for his noncompliance. The ALJ discussed more

positive findings in the record including Pitts' continuous ability to be cooperative with providers, showing good insight and judgment, and having no history of delusions or violent conduct.

Significantly, in assessing Pitts' B criteria findings, the ALJ relied on the reports of two state agency consultants, both doctoral level psychologists. One opined Pitts suffered from only moderate limitations regarding his ability to interact with others; in concentrating persisting and maintaining pace; and in adapting and managing himself. The second doctor concurred with the first. These expert opinions provide substantial evidence to support the ALJ's determination that Pitts suffered only moderate limits based on his severe impairments.

## CONCLUSION

Accordingly, the court finds no prejudicial error and the decision is supported by substantial evidence.

**IT IS, THEREFORE ORDERED** that the decision of the Commissioner is affirmed.

**SO ORDERED AND ADJUDGED** this the 27th day of November, 2023.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**